**In re Todd M. SKAGGS, Debtor.**

**Todd M. SKAGGS, Plaintiff,**

v.

**FIFTH THIRD BANK OF NORTHERN KENTUCKY, Defendant.**

Bankruptcy No. 94–21337.
Adv. No. 95–2003.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

June 26, 1995.

Bernard W. Southgate IV, Newport, KY, for debtor.

Giles T. Hertz, Florence, KY, for defendant.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This adversary proceeding is before the Court upon a Motion to Dismiss the Complaint filed herein by the Defendant, Fifth Third Bank of Northern Kentucky (Fifth Third). The basis of the Motion is that the underlying Chapter 13 case of the plaintiff-debtor herein has been dismissed by the Court. The movant, while stating that there is a split of authority with respect to whether dismissal of the underlying "main case" requires dismissal of an adversary proceeding, argues that the proceeding should be dismissed.

Prior to the filing of the debtor's Chapter 13 petition in this matter, debtor became indebted to Fifth Third and the security for that indebtedness is debtor's 1988 GMC pickup truck. After default by debtor, Fifth Third repossessed plaintiff's truck on November 20, 1994.

On December 8, 1994, plaintiff filed a Chapter 13 proceeding in this Court. Plaintiff's counsel indicates that Fifth Third was immediately informed of the filing and demand was made for the return of the vehicle. The vehicle has not been returned and remains in the possession of Fifth Third.

Plaintiff filed his Motion for Order Requiring Showing of Cause why Fifth Third should not be held in contempt for violating 11 U.S.C. § 362(a) by failing to return the truck upon demand after filing of the Chapter 13 petition. That matter has been treated as an adversary proceeding. This is a core proceeding since an action against a creditor for violation of the automatic stay is one "arising in" or "arising under" Title 11 of the United States Code. 28 U.S.C. § 157(b)(2)(B), (E), (G) and (*O*). Subsequently, the Chapter 13 case filed by plaintiff has been dismissed and Fifth Third has, in addition to filing an answer, filed a motion to dismiss the within proceeding arguing that this Court should adopt the holding that 11 U.S.C. § 349(b) requires the dismissal of an adversary proceeding such as this upon dismissal of the underlying bankruptcy proceeding. A review of that section of the Bankruptcy Code does not reveal any indication that dismissal is required.

The Bankruptcy Appellate Panel recently had occasion to review this issue in *In re Davis,* 177 B.R. 907 (9th Cir.BAP 1995). In an adversary proceeding in that case, among other causes of action, the debtor alleged that the automatic stay had been violated by the defendant. In that case, at page 911, Judge Carlson stated:

We concur with the authorities holding that dismissal of the underlying bankruptcy case does not render moot an action based on willful violation of the automatic stay. Willful violation of the automatic stay is an intentional tort for which compensatory and punitive damages may be awarded. 11 U.S.C. § 362(h). Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case

has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct. See *In re Carroll,* 903 F.2d 1266 (9th Cir.1990) (action for damages for violation of stay not moot even if action for injunctive relief is moot). Stated differently, intentionally wrongful conduct should not be excused merely because the underlying bankruptcy case has been dismissed. Thus, we conclude that "a legally cognizable interest in the outcome of the [adversary proceeding] survives the bankruptcy." *In re Universal Farming Industries,* 873 F.2d 1334, 1336 (9th Cir.1989).

However, apparently dismissal does deprive the bankruptcy court of jurisdiction to grant relief from stay. *In re Taylor,* 884 F.2d 478 (9th Cir.1989).

■ These authorities lead the Court to conclude that it has discretion to dismiss or not to dismiss this action based upon an alleged violation of the automatic stay when the action was properly and timely brought during the pendency of the bankruptcy proceeding, the parties are properly before the Court, the Court has a particular interest in enforcement of the provisions of the Bankruptcy Code and the matter can be quickly tried. It seems fundamental that any court must retain jurisdiction to vindicate its own authority and enforce its own properly issued orders. *Hudak v. Woods,* 91 B.R. 718 (W.D.Pa.1988). Additionally, authority exists for retaining jurisdiction after dismissal to enforce any order necessary to protect against the abuse of the court's process. *In re Gaudet,* 132 B.R. 670 (D.R.I.1991).

■ The Court concludes that, even though the underlying Chapter 13 case has been dismissed, this Court retains jurisdiction to decide an adversary proceeding involving an alleged violation of the automatic stay. To hold otherwise would render the Court impotent to address many alleged violations of the automatic stay and lessen the comprehensive effect which Congress intended for 11 U.S.C. § 362.

A separate order overruling the motion to dismiss shall be entered.