In re Mark Anthony **BURGNER**, Debtor.

Mark Anthony **BURGNER**, Plaintiff,

v.

**GEORGIA FEDERAL CREDIT UNION**, Defendant.

Bankruptcy No. 95–14865.
Adversary No. 97–1033.

United States Bankruptcy Court,
E.D. Tennessee.

March 18, 1998.

Michael L. McHugh, Rebble Johnson, Richard Banks and Associates, Cleveland, TN, for Plaintiff.

Fred Hanzelik, Brent James, Hanzelik & James, Chattanooga, TN, for Defendant.

### MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

The debtor, Mark Anthony Burgner ("Debtor"), filed this adversary proceeding against one of his creditors, Georgia Federal Credit Union ("GFCC"). The complaint alleges that GFCU, despite having knowledge of Debtor's pending Chapter 13 case, repossessed Debtor's car without asking for or obtaining from this court an order lifting the automatic stay. The complaint seeks damages from GFCU for willful violation of the automatic stay. 11 U.S.C. § 362(a) & (h). The court now must rule upon two motions—GFCU's motion to dismiss and Debtor's motion for default judgment.

█ The court begins with GFCU's motion to dismiss. The court dismissed Debtor's bankruptcy case before GFCU responded to the complaint in this proceeding. GFCU contends that dismissal of the bankruptcy case should lead to dismissal of the complaint.

Section 349 of the Bankruptcy Code deals with the effect of dismissal of a bankruptcy case. 11 U.S.C. § 349. It deals indirectly with some adversary proceedings by attempting to undo what has already been done. 11 U.S.C. § 349(b)(1)(B), (b)(1)(C) & (b)(2). None of these provisions is relevant to Debtor's complaint for violation of the automatic stay.

█ Section 349 also provides that dismissal of the bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case...." 11 U.S.C. § 349(b)(3). The court can assume, for the purpose of argument, that revesting

normally gives a secured creditor greater rights than it had during a debtor's Chapter 13 case. Certainly it removes the automatic stay as a barrier to repossession. 11 U.S.C. § 362(c). Obviously, it does not retroactively approve a violation of the automatic stay that occurred before dismissal. *Davis v. Courington (In re Davis)*, 177 B.R. 907 (9th Cir. BAP 1995). Thus, Bankruptcy Code § 349 does not require dismissal of Debtor's action against GFCU.

The court of appeals for this circuit dealt with this problem in *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359 (6th Cir. 1997). The defendants were two cities in Michigan. The debtor filed bankruptcy to stop them from demolishing his buildings as unsafe. The lower courts held that the proposed demolitions were exempted from the automatic stay. They relied on the exemption for actions by a governmental unit to enforce its police or regulatory power. 11 U.S.C. § 362(b)(4). The debtor appealed those decisions and asked for a remand to determine damages for violation of the automatic stay. His bankruptcy case was dismissed later, and he did not appeal the dismissal. The unappealed dismissal of the bankruptcy case raised the question of whether the orders regarding the automatic stay were still appealable. The Sixth Circuit held that the orders were still appealable because an action for damages for willful violation of the automatic stay survives dismissal of the bankruptcy case. *In re Javens*, 107 F.3d 359, note 2 at 364.

The Sixth Circuit relied on a decision by the Seventh Circuit that an action for willful violation of the automatic stay survives dismissal of the bankruptcy case. *Price v. Rochford*, 947 F.2d 829 (7th Cir.1991). Other courts have agreed. *Davis v. Courington (In re Davis)*, 177 B.R. 907 (9th Cir. BAP 1995); *D'Alfonso v. A.R.E.I. Investment Corp. (In re D'Alfonso)*, 211 B.R. 508 (Bankr. E.D.Pa.1997). *Skaggs v. Fifth Third Bank (In re Skaggs)*, 183 B.R. 129 (Bankr.E.D.Ky. 1995). The court sees no meaningful distinction between this proceeding and those cases. Therefore, the court will enter an order denying GFCU's motion to dismiss.

With regard to Debtor's motion for default judgment, the court finds the facts as follows. *Fed.R.Bankr.P.* 9017; *Fed.R.Evid.* 201; Hon. Barry Russell, *Bankruptcy Evidence Manual*, § 201.5 (1998). The court begins with a chronology of events in this adversary proceeding:

| | |
|---|---|
| February 25, 1997 | Complaint filed and summons issued. |
| March 26, 1997 | Certificate filed stating that summons was served on March 18, 1997.[1] |
| April 4, 1997 | Hanzelik & Associates filed notice of appearance on behalf of GFCU. |
| June 3, 1997 | Debtor's Chapter 13 case dismissed. |
| August 27, 1997 | Court enters order to Debtor's attorney to appear and show cause why this proceeding should not be dismissed for failure to prosecute; the hearing is set for September 11, 1997. |
| September 8, 1997 | Debtor files motion for default judgment. |
| September 10, 1997 | GFCU files combined motion to dismiss and response to motion for default judgment. |
| September 11, 1997 | Hearing on show cause order called and passed to September 17, 1997. |

1. Although the summons and complaint may not have been served in accordance with Bankruptcy Rule 7004(e), GFCU did not raise this as a defense in its motion to dismiss. The defense has now been waived. See *Fed.R.Civ.P.* 12(g) made applicable to this proceeding by Bankruptcy Rule 12(b).

| | |
|---|---|
| September 18, 1997 | Hearing on show cause order held; court strikes show cause order. |
| September 25, 1997 | Debtor files brief in support of motion for default judgment. |
| September 26, 1997 | Clerk enters default and gives notice of hearing on November 6, 1997, on Debtor's motion for default judgment. Separate notice is sent of hearing on November 6, 1997, on Debtor's motion for default judgment and GFCU's motion to dismiss. |
| November 6, 1997 | Hearing held on motions; court announces it will allow GFCU five days to file brief on motion to dismiss. |
| November 10, 1997 | Court enters order allowing GFCU five days after date of the order to file brief on the motion to dismiss. Court enters a separate order allowing GFCU five days to file brief on its response to the motion for default judgment. |
| November 12, 1997 | GFCU files brief in support of motion to dismiss. |
| November 26, 1997 | Debtor files reply brief with regard to motion to dismiss. |

---

Debtor's brief states that he wished to settle this dispute and avoid a trial. The brief also states that on May 12, 1997, Debtor's lawyer sent or delivered to GFCU's lawyer a letter rejecting GFCU's settlement offer and requesting that GFCU file an answer.

GFCU's brief asserts that settlement discussions took place in May and June of 1997. In its response to the motion for default judgment, GFCU asserts that it did not file an answer because Debtor's Chapter 13 case was dismissed shortly afterward, on June 3, 1997. GFCU's response also denies that it violated the automatic stay.

■ The first question is what rule applies. Because the court has not entered a default judgment, Rule 55(c) applies. It allows the court to vacate the clerk's entry of a default "for good cause shown." *Fed. R.Bankr.P.* 7055; *Fed.R.Civ.P.* 55(c). Vacating the entry of a default amounts to the same thing as denying a motion for default judgment. The same standard applies. Likewise, it makes no difference that the clerk's entry of default occurred almost three weeks after Debtor filed the motion for default judgment. *Meehan v. Snow,* 652 F.2d 274 (2d Cir.1981); *see also Thompson v. American Home Assurance Co.,* 95 F.3d 429 (6th Cir.1996) (different standards for vacat-ing an entry of default and setting aside a default judgment); *Connecticut National Mortgage Co. v. Brandstatter,* 897 F.2d 883 (7th Cir.1990) (different standards for vacating an entry of default and setting aside a default judgment).

■ In deciding whether to vacate a default, the court must consider whether the plaintiff will be prejudiced, whether the defendant has meritorious defenses, and whether the default resulted from culpable conduct by the defendant or defendant's counsel. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190 (6th Cir. 1986).

■ GFCU was in default when it failed to timely file an answer or a motion in response to the complaint. *Fed.R.Bankr.P.* 7012; *Fed.R.Civ.P.* 12. Debtor and GFCU were still trying to settle this dispute as late as May 12, 1997. Debtor's Chapter 13 case was dismissed three weeks later. GFCU still had not filed an answer; however, Debtor did nothing to pursue the complaint until the court's order in August 1997 to show cause why the proceeding should not be dismissed for failure to prosecute. Debtor then filed a motion for default judgment. GFCU promptly filed a combined response and motion to dismiss.

■ A plaintiff will always prefer a default judgment to continuing litigation. Nevertheless, requiring the plaintiff to continue litigating is not usually the type of prejudice that is relevant to deciding whether to vacate entry of a default. When filing suit a plaintiff must assume it will involve the time and cost of obtaining a decision on the merits. *Heber v. United States,* 145 F.R.D. 576, 578 (D.Utah 1992).

Debtor in this proceeding has not pointed out any particular prejudice as a result of GFCU's delay. The dismissal of Debtor's Chapter 13 case gave GFCU another argument against Debtor's complaint. But, this is not prejudice that resulted from GFCU's delay in responding to the complaint. Debtor and GFCU continued settlement negotiations almost until dismissal of the Chapter 13 case. Debtor can not demonstrate that he may have had a trial and obtained a judgment before the dismissal if GFCU had filed a timely response to the complaint.

Debtor also has not shown any prejudice as a result of the delay from the dismissal in June until the flurry of activity in September. Debtor did not attempt to push the proceeding forward during that time. The court's show cause order appears to have renewed Debtor's interest in the complaint.

With regard to the lack of prejudice to Debtor, *see Shepard Claims Service Inc. v. William Darrah & Associates,* 796 F.2d 190 (6th Cir.1986); *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391 (6th Cir.1987).

The pleadings at this stage do not show culpable conduct by GFCU's lawyer. It does not show disregard for this proceeding or an attempt to thwart it. The lawyers negotiated. Shortly after the negotiations broke down, Debtor's Chapter 13 case was dismissed. GFCU's lawyer assumed erroneously that dismissal of the Chapter 13 case had the effect of putting an end to this proceeding. His assumption was wrong on this point, but it is understandable because dismissal of a bankruptcy case generally puts an end to adversary proceedings connected to the case. *In re Statistical Tabulating Corp.,* 60 F.3d 1286 (7th Cir.1995); *Porges v. Gruntal & Co. (In re Porges),* 44 F.3d 159 (2d Cir.1995); *Carraher v. Morgan Electronics, Inc. (In re Carraher),* 971 F.2d 327 (9th Cir.1992); *Fidelity & Deposit Co. v. Morris (In re Morris),* 950 F.2d 1531 (11th Cir.1992); *Smith v. Commercial Banking Corp. (In re Smith),* 866 F.2d 576 (3d Cir.1989).[2] Indeed, the lack of activity by Debtor's lawyer until the court's show cause order suggests Debtor's lawyer was thinking the same way.

■ The third factor is whether the defendant, GFCU, has shown a meritorious defense. Very little is required to show a meritorious defense—only a hint of a suggestion of a good defense. *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 398–399 (6th Cir.1987). The question is merely whether there may be a reason for a decision on the merits. GFCU's response to the motion for default judgment states simply that GFCU did not violate the automatic stay. The court will treat this as sufficient in light of the general principle that courts favor a decision on the merits and disfavor defaults. *Shepard Claims Service Inc. v. William Darrah & Associates,* 796 F.2d 190, 193–195 (6th Cir.1986).

The court is concerned by one aspect of GFCU's defense to the default. The court entered two orders on November 10, 1997. One allowed GFCU five days to brief the motion to dismiss. GFCU filed a long brief with regard to the motion. The other order allowed GFCU five days to brief the motion for default judgment. GFCU did not file a brief regarding the motion for default judgment. Debtor's brief suggests GFCU does not have any good defense on the merits, GFCU knows this, and therefore, GFCU is relying entirely on the motion to dismiss. At this point the court is willing to give GFCU the benefit of the doubt. If it turns out, however, that GFCU has no meritorious defense, it has placed itself in a position to bear the additional attorney's fees Debtor may

---

**2.** All of these cases involved related proceedings except perhaps *Statistical Tabulating* and *Porges.* The courts apparently have not made a distinction between related adversary proceedings and adversary proceedings arising in the bankruptcy case or under the Bankruptcy Code. 28 U.S.C. § 1334(b).

incur in continuing prosecution of this pro-ceeding. 11 U.S.C. § 362(h).

The court will enter an order denying the motion to dismiss, allowing GFCU time to answer in accordance with Bankruptcy Rule 7012(a), and denying the motion for default judgment.