*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  05b0008n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: CHARLES E. HART and LINDA L. HART, <br><br> Debtors. | ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| CHARLES E. HART and LINDA C. HART,[1] <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> J. ANTHONY LOGAN and BROOKS, WILBURN & LOGAN CO., L.P.A., <br><br> Defendants-Appellants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     No. 05-8001 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division
Chapter 12 Case No. 99-31675, Adversary Proceeding No. 04-3119

Argued:  May 4, 2005

Decided and Filed:  June 24, 2005

Before: GREGG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

---

[1] The middle initial of Linda Hart according to the bankruptcy petition is "L," while the notice of removal of the litigation to the bankruptcy court apparently erroneously uses "C" as Ms. Hart's middle initial.

---

## COUNSEL

**ARGUED:** David A. Herd, JOHN C. NEMETH & ASSOCIATES, Columbus, Ohio, for Appellant. William O. Cass, Jr., Dayton, Ohio, for Appellee. **ON BRIEF:** David A. Herd, JOHN C. NEMETH & ASSOCIATES, Columbus, Ohio, for Appellant. Alfred W. Schneble III, SCHNEBLE, CASS & ASSOCIATES, Dayton, Ohio, for Appellee.

---

## OPINION

---

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. J. Anthony Logan and Brooks, Wilburn & Logan Co., L.P.A., appeal an order remanding and/or abstaining from hearing a lawsuit that they removed to the bankruptcy court. For the reasons that follow, we conclude that the order on appeal should be **AFFIRMED**.

## I. ISSUE ON APPEAL

The issue presented is whether the bankruptcy court erred in remanding and/or abstaining from hearing a lawsuit that the defendants removed to that court following the consummation of the appellees' Chapter 12 plan.

## II. JURISDICTION AND STANDARD OF REVIEW

An order remanding litigation removed from a state court constitutes a final order, *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712-15, 116 S. Ct. 1712, 1718-20 (1996), so the order being challenged may be appealed as of right. 28 U.S.C. § 158(a)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). Accordingly, the Panel has jurisdiction to decide this appeal.

2

The decision whether or not to remand a removed action on equitable grounds is reviewed for an abuse of discretion. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). Likewise, "review of the bankruptcy court's decision to abstain under § 1334(c)(1) is for abuse of discretion." *New Eng. Power & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 69 (1st Cir. 2002); *accord, e.g., Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2d Cir. 2002); *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929 (5th Cir. 1999); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997); *Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 407-08 (9th Cir. 1994). However, when the decision to remand is based on a lack of jurisdiction, the decision is reviewed *de novo*. *Davis v. McCourt*, 226 F.3d 506, 509 (6th Cir. 2000) (citing *Mich. Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Mich.*, 139 F.3d 546, 549 (6th Cir. 1998)).

### III. FACTS

On March 31, 1999, appellees Charles E. Hart and Linda L. Hart (the "Plaintiffs") filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. They were originally represented in connection with their Chapter 12 case by appellant J. Anthony Logan ("Logan"). On November 12, 1999, the Plaintiffs' Chapter 12 Plan was confirmed. On April 3, 2000, Logan filed an application for compensation and reimbursement of expenses. The docket does not disclose the disposition of that application. On May 30, 2002, Logan filed another application for compensation and reimbursement, and that application was granted on June 21, 2002. The record does not reveal whether the Plaintiffs ever paid the fees and expenses.

On July 17, 2002, Bank One, N.A., obtained relief from the automatic stay to foreclose on certain tracts or parcels of real property of one or both Plaintiffs. Logan withdrew from his representation of the Plaintiffs in March 2003 and substitute counsel was retained. On May 29, 2003, the Plaintiffs filed a motion to modify their Chapter 12 plan and, on August 22, 2003, the bankruptcy court entered an order confirming the modified plan. The confirmation order, although not included in the record on appeal, requires the payment of all claims in full. The order further

3

provides that "[a]ny property retained by Debtors after payments of the allowed claims shall be vested in the Debtors free and clear of any claim or interest of any creditor or claimant provided for in the Debtors' Plan, as modified, regardless of whether said creditor or claimant filed a timely proof of claim."

On March 26, 2004, the Plaintiffs commenced a legal malpractice action against Logan and Brooks, Wilburn & Logan Co., L.P.A. (the "Defendants"), in the Common Pleas Court of Franklin County, Ohio, alleging that the Plaintiffs intended to bid at the Bank One foreclosure sale, that Logan knew that, and that he erroneously informed the Plaintiffs that the sale had been postponed. They claim damage as a result of their inability to attend the foreclosure sale, and also as a result of the quality of the representation received in the Chapter 12 case. On April 6, 2004, the Plaintiffs filed a report in their Chapter 12 case indicating that they had completed the payments under their modified plan and were entitled to a discharge. On May 2, 2004, the bankruptcy court entered an order granting them a discharge. On May 4, 2004, the Defendants filed an answer and a Notice of Filing of Notice of Removal in the state court litigation and, the next day, they filed a Notice of Removal in the bankruptcy court. On May 11, 2004, the Plaintiffs filed a motion for remand and/or permissive abstention and, on May 25, 2004, the Defendants filed a memorandum in opposition to the motion. On November 9, 2004, the bankruptcy court granted the motion without a hearing, on the basis that "the underlying claims are noncore matters." The Defendants timely filed a notice of appeal on November 19, 2004.

## IV. DISCUSSION

The statute governing the removal of claims related to bankruptcy cases provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground," 28 U.S.C. § 1452(b), and the bankruptcy jurisdictional statute provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11," *id.* § 1334(c)(1). In addition to such equitable grounds, 28 U.S.C. § 1447(c) provides: "If at any time before final

4

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S. Ct. 494, 497 (1995) (both § 1447 and § 1452 govern remand in actions removed to bankruptcy courts). Because we conclude that the bankruptcy court lacked subject matter jurisdiction over the removed litigation, remand was proper.

At the outset, it is important to note the distinction between the determination of whether a court has jurisdiction over a proceeding and the determination of whether the proceeding is "core" or "non-core." "[T]hese aspects of bankruptcy law are not interchangeable. The status of a proceeding as core or non-core does not affect the issue of jurisdiction." *Bank United v. Manley*, 273 B.R. 229, 238 (N.D. Ala. 2001). "Subject matter jurisdiction is the court's authority to entertain an action between the parties before it." *Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.)*, 885 F.2d 621, 624 (9th Cir. 1989). Jurisdiction over bankruptcy cases and proceedings is vested in the district courts by 28 U.S.C. § 1334. The district courts may then refer those matters to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Whether a matter is "core" or "non-core" under 28 U.S.C. § 157(b) then controls the extent to which the bankruptcy judge may exercise the district court's bankruptcy jurisdiction. *Id.* § 157(c). "[T]he core/noncore determination under 28 U.S.C. § 157(b) and (c) implicates the bankruptcy court's power to render final orders or judgments; it is not a determination that the bankruptcy court either possesses or lacks subject matter jurisdiction over a particular proceeding." *Holly's, Inc. v. City of Kentwood (Matter of Holly's, Inc.)*, 172 B.R. 545, 556 (Bankr. W.D. Mich. 1994), *aff'd*, 178 B.R. 711 (W.D. Mich. 1995); *accord*, *e.g.*, *Gen. Am. Communications Corp. v. Landsell (In re Gen. Am. Communications Corp.)*, 130 B.R. 136, 154 (S.D.N.Y. 1991).

The court must first determine that the court has subject matter jurisdiction over the matter. "Once that determination is made, then it is proper to identify the proceedings as either 'core' or 'non-core but related' matters." *Eubanks v. Esenjay Petroleum Corp.*, 152 B.R. 459, 462 (E.D. La. 1993). The district courts and, by reference, the bankruptcy courts have jurisdiction over "cases under title 11 " and "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b), 157(a). The Plaintiffs' action against the Defendants is clearly

5

not a "case under title 11," i.e., a Chapter 7, 9, 11, 12, or 13 case, so subsection (a) of § 1334 is inapplicable. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 583 (6th Cir. 1990). As for subsection (b) of the jurisdictional statute, the Sixth Circuit does not distinguish between proceedings "under title 11," proceedings "arising in" bankruptcy cases, and proceedings "related to" bankruptcy cases. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141 (6th Cir. 1991). "These references operate conjunctively to define the scope of jurisdiction. Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* (citation omitted).

"[C]laims will be considered 'related to' the . . . bankruptcy proceeding if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002) (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992)). "Stated another way, a claim is 'related to' the bankruptcy proceeding if it would have affected the debtor's rights or liabilities." *Id.* (citing *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996)). A legal malpractice action does not "arise under" the Bankruptcy Code, and it is not "related to" a bankruptcy case merely because the attorney represented debtors in connection with a bankruptcy case. *Nat'l City Bank v. Coopers & Lybrand*, 802 F.2d 990, 993-94 (8th Cir. 1986).

The Plaintiffs' causes of action against the Defendants became property of their bankruptcy estate when they accrued. 11 U.S.C. § 1207(a)(1). However, the modified Chapter 12 plan provided that all property of the estate would vest in the Plaintiffs upon completion of payments of the allowed claims.[2] The Plaintiffs completed the payments under their Chapter 12 plan and received

---

[2] Although this provision is found in the order confirming the modified plan and neither party designated that order (or the original Chapter 12 plan, the modified plan, or the order confirming the original plan) for inclusion in the record on appeal, 11 U.S.C. § 1227(b) provides that in the absence of a provision to the contrary in a plan or confirmation order, all property of the estate is vested in

(continued...)

6

a discharge prior to the filing of the notice of removal so, at that time, there was no "estate being administered in bankruptcy." Although a final decree has not yet been entered in the Chapter 12 case, a review of the docket reveals no reason that the case should not be closed, *see id.* § 350(a), and, in any event, the Plaintiffs are no longer "debtors" in the true sense of the word. The outcome of their action against the Defendants can have no conceivable effect on the Plaintiffs' creditors,[3] particularly since their Chapter 12 plan provided for the full payment of all claims.[4] The bankruptcy court lacks subject matter jurisdiction over the Plaintiffs' causes of action against the Defendants.

Other courts have so held under similar circumstances. For example, in *Citigroup, Inc. v. Harris (In re Harris)*, 306 B.R. 357 (M.D. Ala. 2004), the debtors completed payments under their Chapter 13 plan then filed suit asserting various causes of action in state court. The defendants removed the action to bankruptcy court, which then granted the debtors' motion for remand. *Id.* at 361. The district court affirmed:

> As the test of whether "related to" jurisdiction exists is the nexus between the adversarial procedure and the underlying bankruptcy estate, there cannot be any "related to" jurisdiction here, because there is no longer any underlying bankruptcy estate.
>
> . . . .

---

[2] (...continued)
the debtor upon confirmation.

[3] The Bankruptcy Code defines "creditor" as an entity that holds a prepetition claim (or one of a few limited types of postpetition claim that the Code treats like prepetition claims). 11 U.S.C. § 101(10).

[4] Although the Defendants dispute that assertion, the order confirming the modified plan supports the assertion. Although that order is not included in the record on appeal, the Defendants have offered no evidence that all claims have not been paid in full, and "the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S. Ct. 1003, 1017 (1998); *accord, e.g.*, *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 433-34 (6th Cir. 2005) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 675 (1942)).

> . . . [I]n a chapter 13 bankruptcy case where the creditors have been paid at 100% and the debtor is entitled to a discharge, there is simply nothing left to which the adversarial proceeding can be related. The creditors have received all the monies due to them—any recovery the debtors may receive in state court could not possibly affect the estate, as the bankruptcy estate has long since ceased to exist.
>
> Quite simply, appellants have failed to demonstrate how the present independent actions could conceivably affect the bankruptcy estates, as neither estate was being administered in bankruptcy when the *Tippins* actions were filed.

*Id.* at 364 (citation omitted). Numerous other courts have likewise concluded (albeit outside the removal context) that the bankruptcy court has no "related to" jurisdiction over Chapter 13 debtors' claims after completion of their plan payments. *E.g.*, *McAlpin v. Educ. Credit Mgmt. Corp. (In re McAlpin)*, 278 F.3d 866, 868 (8th Cir. 2002); *Brown v. GMAC Mortgage Corp. (In re Brown)*, 300 B.R. 871, 876 (D. Md. 2003); *Bibler v. SN Servicing Corp. (In re Bibler)*, 310 B.R. 308, 312-13 (Bankr. W.D. Mich. 2004); *Shuman v. Kashkashian (In re Shuman)*, 277 B.R. 638, 653-55 (Bankr. E.D. Pa. 2001) (claims against former attorney, including claims for fraud and legal malpractice); *see also Nat'l City Bank v. Coopers & Lybrand*, 802 F.2d at 994 (Chapter 11 case).

The district court and, by reference, the bankruptcy court lacked subject matter jurisdiction over the Plaintiffs' causes of action against the Defendants. Accordingly, it is unnecessary to determine whether the litigation constitutes a "core" or "non-core" proceeding. The bankruptcy judge properly remanded the action to the state court.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order granting the Plaintiffs' motion for remand and/or permissive abstention is hereby **AFFIRMED**.