**In re Sandra BROWN.**

**Sandra Brown**

v.

**GMAC Mortgage Corporation.**

**Civ.A. No. DKC 2003–1547.**

United States District Court,
D. Maryland.

Nov. 5, 2003.

Scott C. Borison, Legg Law Firm LLC, Frederick, MD, for Appellant/Debtor.

Helen G. Kirsch, Reed Smith LLP, Washington, DC, for Appellee.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the separate orders of United States Bankruptcy Judge Paul Mannes, dismissing Debtor Appellant Sandra Brown's complaint against Appellee GMAC Mortgage Corporation for lack of subject matter jurisdiction and denying her motion to reconsider. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr.P. 8012. For the reasons that follow, the court will affirm both the bankruptcy court's dismissal of Appellant's complaint and denial of Appellant's motion to reconsider.

## I. Background

### A. Factual Background

The following facts are uncontroverted. Appellant commenced her Chapter 13 bankruptcy case on May 10, 2001. At the time Appellant filed her Chapter 13 plan, there was an arrearage due to Appellee GMAC Mortgage Corporation. Appellant's plan provided for the payment of $206 over a 60–month period, and that plan was confirmed by an order of the bankruptcy court entered August 30, 2001. During the course of the bankruptcy case, Appellant fell behind on her payments; a motion for relief from the automatic stay was filed on behalf of Appellee. As a result, on January 31, 2002, the bankruptcy court entered a consent order that provided for termination of the automatic stay, *see* 11 U.S.C. § 362, so as to permit Appellee to initiate foreclosure proceedings. It appears that Appellant subsequently made the necessary payments.

On June 7, 2002, still during the Chapter 13 proceeding, Appellant filed a notice of sale of property that she owned in Jefferson, Maryland. After due notice to the creditors, the Clerk issued a certificate

stating that there were no objections to the notice of sale and the sale proceeded to settlement. Appellee informed the person conducting settlement that Appellee would authorize release of the lien it held, and allow Appellant to close on the sale, upon Appellant's payment of the amount due— together with an additional "bankruptcy fee" of $450 and a "bankruptcy cost" of $175. Appellee asserts that these assessed sums are authorized under a provision in the deed of trust signed by Appellant (and her husband) and Appellee in 1992. *See* GMAC's Motion to Dismiss (Paper 12), Ex. 2 at ¶ 7 ("Protection of Lender's Rights in the Property").[1] Appellee's imposition of these bankruptcy sums lies at the heart of Appellant's complaint.

Appellant paid the $625 total, pursuant to Appellee's letter of instructions, rather than risk postponement of the settlement and possible loss of the sale. Appellant sold the property and the secured creditors were paid the balances due on the promissory notes held at that time. Upon completion of her payments under the confirmed Chapter 13 plan, Appellant received her discharge from bankruptcy. The bankruptcy court entered Appellant's discharge, pursuant to 11 U.S.C. § 1328(a), on September 23, 2002. The discharge entry resulted in the simultaneous termination of the automatic stay with the invocation of discharge injunction under 11 U.S.C. § 524.

### B. Procedural Background

On October 4, 2002, nearly two weeks after the discharge, Appellant filed a five-count complaint against Appellee in the United States Bankruptcy Court for the District of Maryland: (1) disgorgement and/or restitution of unlawful charges;[2] (2) breach of contract, alleging that Appellee had no basis to charge the additional bankruptcy sums; (3) breaches of bankruptcy law, namely Appellee's alleged violation of the automatic stay; (4) a declaratory judgment sought; and (5) an injunction sought. Appellee then filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). On February 5, 2003, the bankruptcy court dismissed Appellant's complaint, *sua sponte*, for lack of subject matter jurisdiction, ruling that "[t]he outcome of this action bears no relationship whatsoever . . . to the resolution of this bankruptcy case under Chapter 13." Ruling on Motion to Dismiss (Paper 29) at 8 (lines 2–4).

Appellant subsequently filed a motion to reconsider the dismissal order. Noting that it is a court of "extremely limited jurisdiction," the bankruptcy court denied Appellant's motion to reconsider on April 24, 2003. Hearing on Motion to Reconsider (Paper 47) at 14 (lines 6–7). The bankruptcy court concluded that it had neither "core" jurisdiction nor "related to" jurisdiction over Appellant's complaint. *See* Hearing on Motion to Reconsider (Paper 47) at 14 (lines 24–25).[3]

---

1. The bankruptcy court surmised that Appellant's husband "died after the filing of this bankruptcy case, as he is named neither in the motion for relief from stay, nor in the complaint." Ruling on Motion to Dismiss (Paper 29) at 4 (lines 8–12).

2. The bankruptcy court noted that this count was "essentially a claim for unjust enrichment." Ruling on Motion to Dismiss (Paper 29) at 4 (lines 14–15).

3. Evident from the record below is the bankruptcy court's "outrage" with Appellee's conduct regarding assessment of the additional bankruptcy sums and its "regret" in dismissing Appellant's complaint: "[T]his would certainly be the nicest reversal that I could ever encounter." Hearing on Motion to Reconsider (Paper 47) at 15 (lines 18–22).

## II. Standard of Review

In this case, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992); *Travelers Ins. Co. v. Bryson Prop., XVIII (In re Bryson Prop., XVIII)*, 961 F.2d 496 (4th Cir.), *cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co.*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). Thus, this court will review the bankruptcy court's determination of subject matter jurisdiction *de novo. See New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 150 (4th Cir.2000), *cert. denied*, 532 U.S. 1052, 121 S.Ct. 2192, 149 L.Ed.2d 1024 (2001); *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.)*, 86 F.3d 364, 371 (4th Cir.), *cert. denied*, 519 U.S. 993, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996). The bankruptcy court "has the inherent power to question its own jurisdiction in any given case, and . . . [the] ability to dismiss a cause of action for want of subject matter jurisdiction." *First Nat'l Bank of Maryland v. United States Wall Corp. (In re Incor, Inc.)*, 100 B.R. 790, 793 (Bankr.D.Md.1989), *aff'd*, 113 B.R. 212 (D.Md.1990). *See also In re N. Hess' Sons, Inc.*, 218 B.R. 354, 356 (Bankr.D.Md. 1998) (issue of subject matter jurisdiction can "be raised at any time during the proceeding, and it cannot be waived") (citing Fed.R.Civ.P. 12(h)(3), "made applicable by" Fed. R. Bankr.P. 7012(b)); *New Horizon*, 231 F.3d at 150.

## III. Analysis

The district courts have "original but not exclusive jurisdiction" of all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy courts derive their jurisdiction over these proceedings by referral from the district courts, pursuant to 28 U.S.C. § 157. Proceedings "arising in" Title 11 are those actions "that are not based on any right expressly created by Title 11, but nevertheless would have no existence outside of the bankruptcy." *In re A.H. Robins*, 86 F.3d at 372 (internal quotation omitted). In addition, the bankruptcy courts may hear and determine all "core" proceedings that arise under or in a case under title 11. *See* 28 U.S.C. § 157(b). However, the distinction between "core" proceedings and "non-core" proceedings "is far from clear." *In re Apex Express Corp.*, 190 F.3d 624, 631 (4th Cir.1999). The test of whether a civil proceeding is "related to" bankruptcy is:

whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (emphasis in original) (internal quotation omitted); *see also New Horizon*, 231 F.3d at 150–51. However, "a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex*, 514 U.S. at 308, 115 S.Ct. 1493.

This jurisdictional analysis shifts where, as here, the debtor initiates a civil proceeding after confirmation of the bankruptcy plan because, once a plan has been confirmed, "the bankruptcy estate ceases to exist;" and upon discharge from bankruptcy, the bankruptcy case ends. *In re Shank*, 240 B.R. 216, 221 (Bankr.D.Md. 1999). Indeed, the post-confirmation jurisdiction of the bankruptcy court is "un-

doubtedly limit[ed] ... to matters concerning the implementation or execution of a confirmed plan." *Goodman v. Phillip R. Curtis Enter., Inc.*, 809 F.2d 228, 232 (4th Cir.1987); *see also In re Hess' Sons, Inc.*, 218 B.R. at 356 ("The court's postconfirmation oversight should be restricted to activities relating to the bankruptcy and the reorganization, not the debtor's general business").[4]

■ Appellant is hard-pressed, and fails, to explain how the instant civil proceeding concerns the "implementation or execution" of her confirmed plan, such that the bankruptcy court properly can retain jurisdiction over the proceeding despite termination of the bankruptcy case. Indeed, Appellant filed this complaint 11 days after the bankruptcy court entered Appellant's discharge.[5] Appellant argues that the bankruptcy court has jurisdiction over her complaint because of her cause of action under 11 U.S.C. § 362(h), alleging Appellee's violation of the automatic stay.

■ Although Appellant's claim for damages under § 362(h) typically would be referred to the bankruptcy court, "such reference is not mandated by statute as the District Court has original jurisdiction over all civil proceedings under the Bankruptcy Code pursuant to 28 U.S.C. § 1334(a)." *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 128, n. 4 (D.Md. 1995). Moreover, after completion of the

bankruptcy proceedings, as has occurred in this case, "it may well be more appropriate to bring suit in district court, especially when other claims are attached." *Price v. Rochford*, 947 F.2d 829, 832, n. 1 (7th Cir.1991).[6] That the bankruptcy court lacks jurisdiction over Appellant's complaint does not foreclose her from pursuing it in another, more appropriate, judicial forum.

■ Appellant also avers that Appellee's imposition of the "bankruptcy fee" and "bankruptcy cost" significantly alters her liabilities, and thus her complaint is "related to" bankruptcy. *See* Paper 7 at 18. For a proceeding to be "related to" bankruptcy, however, the outcome of the civil proceeding must in some way "impact[ ] upon the handling and administration of the bankrupt estate." *Celotex Corp.*, 514 U.S. at 308, n. 6, 115 S.Ct. 1493. Here, as discussed *supra*, both the bankruptcy estate and the underlying bankruptcy case ended when the bankruptcy court entered Appellant's discharge. Therefore, Appellant's proceeding cannot impact an entity that no longer exists.

■ Finally, Appellant contends that she at least is entitled to discovery "to explore jurisdictional facts." Paper 7 at 15. The decision of whether to allow jurisdictional discovery is committed to the sound discretion of the trial court, a function the bankruptcy court assumes in this

---

4. Other circuits are in accord with the narrow scope of the bankruptcy court's jurisdiction after confirmation of the debtor's plan. *See, e.g., In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 389–90 (5th Cir.2001) ("[B]ankruptcy court jurisdiction does not last forever.... After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan"); *Norwest Equip. Fin., Inc. v. Nath (In re D & P P'ship)*, 91 F.3d 1072, 1074 (8th Cir.1996) (same).

5. The chronology belies Appellant's incorrect assertion that she filed the adversary proceeding before the bankruptcy case was closed. *See* Paper 7 at 14.

6. The cause of action created under § 362(h) "can be enforced after bankruptcy proceedings have terminated." *Price*, 947 F.2d at 830–31.

proceeding. *See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 283 F.3d 208, 216, n. 3 (4th Cir.), *cert. denied,* 537 U.S. 822, 123 S.Ct. 101, 154 L.Ed.2d 30 (2002). In determining whether to grant or to decline discovery, the bankruptcy court "may only be reversed for abuse of discretion in such situations." *EEE Commercial Corp. v. Holmes (In re ASI Reactivation, Inc.),* 934 F.2d 1315, 1324 (4th Cir.1991). The bankruptcy court here acted well within its discretion in not ordering discovery.

## IV. Conclusion

Upon review of the record, the court agrees with the bankruptcy court's conclusion that "[t]he outcome of this action bears no relationship whatsoever ... to the resolution of this bankruptcy case under Chapter 13." Ruling on Motion to Dismiss (Paper 29) at 8 (lines 2–4). Accordingly, for the foregoing reasons, the court shall affirm the bankruptcy court's dismissal of Appellant's complaint for lack of subject matter jurisdiction and denial of Appellant's motion to reconsider. A separate Order will follow.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 5th day of November, 2003, by the United States District Court for the District of Maryland ORDERED that:

1. The order of the bankruptcy court DISMISSING the complaint of Debtor Appellant Sandra Brown BE, and the same hereby IS, AFFIRMED;

2. The order of the bankruptcy court DENYING the motion to reconsider of Debtor Appellant Sandra Brown BE, and the same hereby IS, AFFIRMED; and

3. The Clerk is directed to transmit copies of this Memorandum Opinion and this Order to counsel for the parties and to

United States Bankruptcy Judge Mannes and CLOSE this case.