**In re Tommy Dean JOHNSON and Candice Ann Johnson, Debtors.**

**Tommy Dean Johnson and Candice Ann Johnson, Plaintiffs–Appellees,**

**v.**

**Keith Smith, individually and as Vice President of M & M Auto Outlet—Wyoming, Inc. and M & M Auto Outlet—Wyoming, Inc., a Wyoming Corporation, Defendants–Appellants.**

BAP No. WY–08–021.
Bankruptcy No. 04–20861.
Adversary No. 04–02036.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 10, 2008.

415

Submitted on the briefs: * Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming, for Defendants–Appellants.

Before BOHANON, BROWN, and KARLIN, Bankruptcy Judges.

OPINION

KARLIN, Bankruptcy Judge.

Appellants appeal the bankruptcy court's award of attorneys' fees to the Debtors, following a remand from this Court. We affirm in part and reverse in part.

I. BACKGROUND

Debtors filed their petition for Chapter 13 relief on May 6, 2004. On May 20, 2004, they filed an adversary complaint against

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

appellants Keith Smith and M & M Auto Outlet—Wyoming, Inc. ("M & M"), alleging violation of the automatic stay. Mr. Smith is the Vice President of M & M, which held a purchase lien on the Debtors' vehicle, a used Chevy truck that they purchased on March 30, 2004. M & M repossessed the truck shortly after the petition was filed, then refused to return it after learning of the pending bankruptcy. After a number of hearings on the Debtors' complaint, the bankruptcy court entered judgment, finding that Mr. Smith and M & M (hereinafter, jointly, "Appellants") had willfully violated the stay, and ordering that the vehicle and clear title be turned over to the Debtors. After a subsequent hearing, the bankruptcy court awarded approximately $6,000 in damages to Debtors for the stay violation.[1] Appellants took an appeal of that judgment to this Court.

On September 7, 2005, this Court issued an unpublished decision on the appeal, affirming in part, reversing in part, and remanding for further proceedings on damages.[2] The decision affirmed the bankruptcy court's determination that the stay had been violated and its order requiring return of the truck with a clear title to Debtors, but reversed the damages award as not having been sufficiently supported by the evidence. Appellants appealed this decision to the Tenth Circuit Court of Appeals, which affirmed on August 28, 2007.[3] That appeal was fully and finally resolved on October 10, 2007, when the Tenth Circuit issued an order denying Appellants' petition for rehearing.

On February 22, 2007, while the appeal was pending in the Tenth Circuit, the bankruptcy court dismissed the Debtors' main case, based on an unopposed motion by the Trustee alleging that Debtors had failed to make plan payments. Shortly after entry of the Circuit's order denying rehearing, on October 19, 2007, Debtors filed a Request for Setting on Counsel's Fee Application on Remand with the bankruptcy court, in which they sought "[p]erhaps a status conference by phone" in furtherance of the remand, which required further hearing on the amount of damages.[4] In response, Appellants filed a motion to dismiss the request, based on the previous dismissal of the main case, claiming both that the motion was moot and that the bankruptcy court lacked subject matter jurisdiction to consider it.

A hearing was held on November 15, 2007, at which the bankruptcy court denied Appellants' motion to dismiss and set the matter for further hearing on the amount of attorneys' fees. On December 11, 2007, Debtors filed a "Supplement to Counsel's Fee's" [sic], to which Appellants objected. A non-evidentiary telephone conference was held on the application on January 31, 2008, and the bankruptcy court issued its order from that hearing on February 5, 2008. Appellants' notice of appeal was timely filed on February 15, 2008.

## II. APPELLATE JURISDICTION

Inconsistent captioning and docketing in the bankruptcy court made this Court's determination of jurisdiction somewhat more tedious than usual. This confusion

---

1. The damages award consisted of lost use, attorneys' fees, and costs.

2. *Johnson v. Smith (In re Johnson)*, 330 B.R. 880, 2005 WL 2300370 (10th Cir. BAP 2005).

3. *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163 (10th Cir.2007).

4. Unfortunately, this request was captioned for the Debtors' main case (04–20861), rather than the adversary proceeding (04–2036), and bore an unrelated case number (05–8089). Nonetheless, the request was docketed in the Debtors' main case.

began when Debtors filed their request for hearing in the main case, rather than the adversary proceeding, where the original damages had been awarded. This mistake was compounded by the parties' intermittent captioning for the adversary proceeding without any attempt to correct the docket. Nonetheless, since the appeal was taken from the adversary proceeding and the remand was to the adversary proceeding, all matters relating to the remand should have taken place within the adversary proceeding. We consider any error in the procedural handling of the matter on remand to be harmless.

This Court has jurisdiction to hear timely-filed appeals from final judgments and orders of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[5] In this case, the notice of appeal was timely filed within ten days of the February 5, 2008 final order. Therefore, since no party to this appeal has elected to have the appeal heard by the district court, this Court has appellate jurisdiction.

## III. ISSUES AND STANDARD OF REVIEW

The principal issue on appeal is whether an action for willful violation of the automatic stay survives dismissal of the main bankruptcy case. This is a legal issue that is reviewed by this Court *de novo*.[6]

An alternative issue is whether the bankruptcy court erred by awarding attorneys' fees based solely on the supplemental application, without holding an evidentiary hearing. As did the prior panel of this Court, we review the bankruptcy court's fee award for abuse of discretion.[7]

## IV. DISCUSSION

### A. Violation of Stay

Debtors' claim for damages for violation of the automatic stay is based on 11 U.S.C. § 362(h),[8] which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Since their claim is created by a provision of the Bankruptcy Code, it "arises under" the Code and the action for damages is a "core proceeding."[9] Core proceedings are uniquely within the province of the bankruptcy courts.[10] As such, at least some courts have held that core proceedings are not dependent upon the existence of an underlying bankruptcy case.[11] However, there are few published

---

**5.** 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002.

**6.** *Merrill v. Merrill (In re Merrill)*, 252 B.R. 497, 501 (10th Cir. BAP 2000).

**7.** *In re Meridian Reserve, Inc.*, 87 F.3d 406, 409 (10th Cir.1996).

**8.** The underlying Adversary Proceeding was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) became effective. All statutory references to the Bankruptcy Code are thus to 11 U.S.C. §§ 101–1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr.P. (2004), unless otherwise specified.

The language contained in 11 U.S.C. § 362(h) is now found, unchanged, in 11 U.S.C. § 362(k)(1).

**9.** *In re Davis*, 177 B.R. 907, 912 (9th Cir. BAP 1995). *See also Telluride Asset Resolution LLC v. Bullock (In re Telluride Income Growth, LP)*, 364 B.R. 390, 397–98 (10th Cir. BAP 2007) (describing "arising under" jurisdiction).

**10.** 28 U.S.C. §§ 157 and 1334.

**11.** *See, e.g., In re Aheong*, 276 B.R. 233, 243–44 (9th Cir. BAP 2002); *Price v. Rochford*, 947 F.2d 829, 831–32 (7th Cir.1991).

decisions that discuss the issue.[12]

In *Price*, the debtor filed an action in district court alleging that the defendants had willfully violated the stay during one or more of debtor's three previously dismissed bankruptcy cases. The district court dismissed the debtor's § 362 claims on the ground that such claims are dependent upon the existence of a bankruptcy but, alternatively, granted summary judgment to defendants on the ground that debtor had failed to show that the stay violations were willful. Although the Seventh Circuit affirmed the summary judgment, it specifically found that § 362 does create a cause of action that survives termination of the underlying bankruptcy.[13] In so finding, the court noted that Congress had apparently not given much thought to the willful violation provision that it added to the Code in 1984.[14] However, the court refused to "impose an artificial limit on the breadth of the provision,"

by construing it simply as a tool for enforcement of the stay that ends when the stay does.[15]

The only appellate court to have published a decision on essentially the same issue as the one presented in this appeal is the Ninth Circuit BAP. That court has now held, in at least three cases, that a § 362 claim survives dismissal of the underlying bankruptcy.[16] In *Davis*, the court reversed the bankruptcy court's dismissal of a pending adversary proceeding due to dismissal of the underlying case, stating:

> [D]ismissal of the underlying bankruptcy case does not render moot an action for damages based on willful violation of the automatic stay. Willful violation of the automatic stay is an intentional tort for which compensatory and punitive damages may be awarded. Imposition of damages for willful violation of the

**12.** The only Tenth Circuit decisions that even peripherally involve this issue are both unpublished. In *In re Flores*, 271 B.R. 213, 2001 WL 543677 (10th Cir. BAP 2001), the BAP reversed a bankruptcy court's denial of the debtor's motion to reopen his dismissed case for insufficient findings. In reaching its decision, the BAP considered the debtor's motion to be a motion pursuant to Rule 60(b), holding that, although a dismissed case could not be reopened, the dismissal could be attacked. In passing, the BAP referred to "authority that, where the underlying case has been dismissed, a bankruptcy court retains discretionary subject matter jurisdiction over a complaint alleging a § 362(h) [now 362(k) ] willful violation of the stay" as "[y]et another consideration." *Id.* at *4. However, since the bankruptcy court had not stated its reasons for denial of the motion, the BAP did not need to reach the issue. In *Armstrong v. Bailey*, 101 Fed.Appx. 778, 2004 WL 1173407 (10th Cir.2004), the debtor appealed dismissal of his adversary proceeding against a creditor who sought relief from the stay. During the pendency of the adversary proceeding, the underlying Chapter 13 case was dismissed. Significantly, debtor did not contend that dismissal of the adversary proceeding was error,

only that the dismissal should have been without prejudice. In affirming the dismissal with prejudice, the Circuit noted that a "related proceeding is usually dismissed when the underlying bankruptcy case is dismissed. But if an adversary proceeding is only 'related to' the underlying bankruptcy case, the district court has discretion over whether to retain jurisdiction." *Id.* at 779. Noting that the appealed case "depended upon the bankruptcy case for its existence," the Circuit affirmed the dismissal with prejudice.

**13.** 947 F.2d at 830–31.

**14.** *Id.* at 831.

**15.** *Id.* at 831–32. The court also noted that the matter was a core proceeding and, therefore, "should probably have been referred to the bankruptcy court." *Id.* at 832 n. 1.

**16.** *In re Davis*, 177 B.R. 907 (9th Cir. BAP 1995); *In re Aheong*, 276 B.R. 233 (9th Cir. BAP 2002); *In re Williams*, 323 B.R. 691 (9th Cir. BAP 2005) (finding at § 362 claim for damages is not mooted by dismissal of underlying case, citing *Davis*).

automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct. Stated differently, intentionally wrongful conduct should not be excused merely because the underlying bankruptcy case has been dismissed. Thus, we conclude that "a legally cognizable interest in the outcome of the [adversary proceeding] survives the bankruptcy."[17]

The *Price* court also held that the bankruptcy court had subject matter jurisdiction over the § 362 claim because it "arises under" Title 11. Subsequently, the court reiterated this position in *Aheong,* noting that arising under jurisdiction "includes proceedings based on a right or cause of action created by title 11." [18]

■ This Court finds these decisions persuasive, and holds that an action for willful violation of the automatic stay survives dismissal of the main bankruptcy case. Damages caused by a willful violation of the automatic stay do not evaporate once the stay is no longer in force, nor does the public policy of preventing such stay violations. Dismissal of such claims under these circumstances would not only allow violators to go unpunished, but would also implicitly condone violation of the stay when it appears the underlying case will be dismissed, but before the remedy phase for the stay violation is completed.

### B. Fees Application

■ Appellants contend that the award of attorneys' fees based on Debtors' supplemental application did not remedy the defects found by the prior BAP panel.[19] The principal reason for the previous vacation and remand of the fee award was that "the admission of the fee statement on the basis of [Debtor's] testimony deprived Appellants of any ability to explore the sufficiency of the statement or the nature of the tasks performed. Only the counsel who performed those tasks would be in a position to so testify." [20] This decision was based on the fact that Debtors had proffered an unverified fee statement at trial, without the attorney's testimony, over the Appellants' objection for lack of foundation. This Court noted that the only foundation for the exhibit was Debtor's testimony, and that the itemization "was not verified by Debtors' counsel in any fashion." [21]

To attempt to remedy that defect, Debtors' attorney submitted an application for fees, after remand, that included both the prior application and a supplemental application that detailed the fees for services rendered after the first application, along with a "Verification of Time Entries on the Fee Request." [22]

Appellants objected to the fee application on several discrete grounds.[23] Significantly, however, Appellants neither requested an evidentiary hearing on fees, nor objected to the order scheduling a "non-evidentiary hearing" by telephone

---

17.   177 B.R. at 911–12 (citations omitted).

18.   276 B.R. at 243–44.

19.   The bankruptcy court originally also ordered $937.50 in damages for loss of use of the Truck. The prior BAP panel reversed that award, and Debtors did not pursue those damages on remand, so that portion of the damage award is not a part of this appeal.

20.   *In re Johnson,* 2005 WL 2300370, at *11.

21.   *Id.* at *10.

22.   Appellants' Appendix ("APPX") at 91–101.

23.   *See* "Objection to Attorneys Fees" *in* APPX at 124–25.

conference.[24] Further, at the hearing, Appellants' counsel stated that although he had not seen the verification affidavit, that "I generally know what those affidavits say and presuming that [Debtors' counsel] did, in fact, put an affidavit together, I won't object to that." [25]

Perhaps even more importantly, Appellant's counsel never requested the opportunity to cross examine Debtor's counsel about any entry in the fee itemization. He never sought to introduce expert testimony that the fees were inflated or otherwise unreasonable. He never sought to cross-examine or examine the paralegal whose time he now questions, or anyone else regarding the reasonableness of the time claimed. When the bankruptcy judge indicated his intent, at the end of the hearing, to take the matter under advisement and issue a ruling, counsel did not object or otherwise put on the record that he wished to present evidence (or for Debtors to be required to do so) before the Court ruled. As such, Appellants have waived any objection to the manner in which the fees evidence was submitted.

In addition, Appellants' objections to the fees were limited and discrete, consisting largely of legal challenges to recovery of certain items, rather than challenges to the facts of the billings. Each of the objections was fully considered by the bankruptcy court at the hearing, and Appellants have not challenged the court's specific findings or conclusions on those findings in this appeal. Instead, Appellants rely entirely on the fact that the fees were awarded solely on the basis of the application, without testimony. This objection is simply insufficient under the circumstances of this case.

Although this Court finds that Appellant's challenge to the attorney fee award must be denied, the bankruptcy court did allow recovery of overnight delivery charges by Debtors' attorney, over Appellants' objection, finding that such charges were "ordinary, necessary and reasonable expenses." However, such expenses are typically recoverable only where less expensive means of communication are not reasonably available.[26] Debtors offered no evidence, by affidavit or otherwise, from which the bankruptcy court could have determined the necessity of such charges. As such, the bankruptcy court erred in awarding overnight delivery charges as expenses. The award of $17.34 is thus reversed.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's award of attorneys' fees to the Debtors is AFFIRMED, but the award of overnight delivery expenses is reversed.

---

24. APPX at 126.

25. Transcript of Jan. 31, 2008 hearing, at 2 *in* APPX at 129.

26. *In re 321 South Main Street, L.P.,* 155 B.R. 41, 43 (Bankr.D.R.I.1993). *See also In re Lederman Enter., Inc.,* 106 B.R. 674, 687 (Bankr.D.Colo.1989) (use of special mail services is not justifiable expense when used in ordinary course).