**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:

TOMMY DEAN JOHNSON;
CANDICE ANN JOHNSON,

     Debtors.

No. 08-8052

TOMMY DEAN JOHNSON;
CANDICE ANN JOHNSON,

     Plaintiffs-Appellees,

v.

KEITH SMITH, individually and as
Vice President of M & M Auto
Outlet – Wyoming, Inc.; M & M
AUTO OUTLET – WYOMING, INC.,
a Wyoming corporation,

     Defendants-Appellants.

**APPEAL FROM THE TENTH CIRCUIT**
**BANKRUPTCY APPELLATE PANEL**
**(BAP No. WY-08-21)**

Submitted on the briefs:*

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

(continued...)

Stephen R. Winship, Winship & Winship, P.C., Casper, Wyoming for Appellants.

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

After Keith Smith and M & M Auto Outlet-Wyoming (collectively, "M & M") willfully violated the automatic stay in Tommy[1] and Candice Johnson's Chapter 13 case, the Johnsons successfully sought damages under 11 U.S.C. § 362(k)(1)[2] in a bankruptcy-court adversary proceeding. M & M appealed to the Tenth Circuit Bankruptcy Appellate Panel (BAP) and this court. While those appeals were pending, the bankruptcy court dismissed the Chapter 13 case. When the adversary proceeding ultimately was remanded by this court to the bankruptcy court for reconsideration of the amount of damages, M & M argued that the dismissal of the underlying Chapter 13 case divested the bankruptcy court of jurisdiction over the § 362(k)(1) proceeding. Both the

---

[*](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Mr. Johnson is now deceased.

[2]     In 2005, 11 U.S.C. § 362(h), the former sanctions provision, was renumbered as § 362(k)(1). Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §§ 305(1)(B), 441, 119 Stat. 23, 79, 114. We use the current codification and refer to § 362(k)(1) rather than § 362(h).

bankruptcy court and the BAP rejected M & M's position. Exercising our jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we affirm. We hold that the dismissal of the Chapter 13 case did not divest the bankruptcy court of jurisdiction over the § 362(k)(1) adversary proceeding. We also reject M & M's contention that the bankruptcy court abused its discretion by making an award without conducting an evidentiary hearing.

**I.**

The facts have been set forth in other decisions, *see Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1166–68 (10th Cir. 2007) ("*Johnson I*"); *Johnson v. Smith (In re Johnson)*, 390 B.R. 414, 415–16 (B.A.P. 10th Cir. 2008) ("*Johnson II*"); so we need not go into detail here. Suffice it to say that in an adversary proceeding brought by the Johnsons under § 362(k)(1), the bankruptcy court determined that M & M had violated the automatic stay by repossessing the Johnsons' pickup truck while their bankruptcy case was pending. *See Johnson I*, 501 F.3d at 1166-68. The bankruptcy court awarded the Johnsons $937.50 for loss of use of the vehicle, $5,028.50 in attorney fees, and $232.23 for costs, a total of $6,198.23. *Id.* at 1168. The BAP affirmed the finding of a willful violation, but reversed the loss-of-use award, vacated the attorney-fee and cost determinations for lack of adequate foundation, and remanded for further proceedings. *Johnson v. Smith (In re Johnson)*, No. WY-04-087, 04-20861,

04-2036, 2005 WL 2300370, at *9-*11 (B.A.P. 10th Cir. Sept. 7, 2005). We affirmed the finding of a willful violation. *Johnson I*, 501 F.3d at 1175.

While *Johnson I* was pending in this court, the bankruptcy court dismissed the Chapter 13 case because the Johnsons had not been making the required payments. *Johnson II*, 390 B.R. at 416. Thus, by the time the § 362(k)(1) adversary proceeding returned to the bankruptcy court on remand, there no longer existed an underlying bankruptcy case. The Johnsons filed a pleading requesting the bankruptcy court to set a hearing regarding attorney fees.[3] *See id.* In response, M & M moved for dismissal, arguing that the dismissal of the Chapter 13 case divested the bankruptcy court of jurisdiction to proceed with the § 362(k)(1) adversary proceeding. *See id.* The bankruptcy court denied M & M's motion and ordered the Johnsons to file a statement of their fees and costs. The Johnsons' attorney filed a supplement updating the fees and costs incurred since the bankruptcy court's original decision; attached was the attorney's verification under penalty of perjury of both the original fee request and the supplement. When M & M objected to the requested fees, the court held a nonevidentiary telephone hearing. *See id.* After rejecting M & M's objections, the court

---

[3]    For an unknown reason, the Johnsons filed their motion in the Chapter 13 case, not the adversary proceeding. The BAP noted that "all matters relating to the remand should have taken place within the adversary proceeding," but it "consider[ed] any error in the procedural handling of the matter on remand to be harmless." *Johnson II*, 390 B.R. at 417. M & M does not take issue with this conclusion, so we do not address it.

awarded attorney fees and costs to the Johnsons in the amount of $11,816.02.

The BAP affirmed all but an award of $17.34 in overnight delivery expenses. *See id.* at 420. M & M appeals.

## II.

Although this appeal is taken from the BAP's opinion, it is the decision of the bankruptcy court that we review. *Johnson I*, 501 F.3d at 1169. On appeal, as it did before the BAP, M & M argues that the bankruptcy court (1) lacked jurisdiction to award sanctions under § 362(k)(1) once it had dismissed the underlying bankruptcy case, and (2) erred in awarding sanctions without holding an evidentiary hearing, instead basing the award solely on the attorney's verification. We reject both arguments.

### A. *Authority Under § 362(k)(1) after Dismissal of Underlying Bankruptcy Proceeding.*

Whether the dismissal of the underlying case divests the bankruptcy court of jurisdiction to proceed with a § 362(k)(1) adversary proceeding is a question of law. Our review is therefore de novo. *See Johnson I*, 501 F.3d at 1169.

District courts have jurisdiction to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, 28 U.S.C. § 157(a) allows the district courts to refer such matters to the bankruptcy courts. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under

-5-

title 11 . . . and may enter appropriate orders and judgments, subject to review" by the district court or the bankruptcy appellate panel. *Id.* § 157(b)(1). In addition, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," in which situations the bankruptcy court submits proposed findings of fact and conclusions of law to assist the district court to make a final decision. *Id.* § 157(c)(1). Some types of core proceedings are listed in 28 U.S.C. § 157(b)(2), but the list is not exclusive. In general, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam) (citation omitted).

Categorizing a § 362(k)(1) proceeding is not difficult. Section 362, which establishes the automatic stay,

> is the central provision of the Bankruptcy Code. When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group.

*Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991). Section 362(k)(1) protects against violations of the stay by providing that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages,

including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A § 362(k)(1) proceeding therefore is a core proceeding because it "derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006) (holding that action under § 362(k)(1) is a core proceeding). *Accord Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986); *Price*, 947 F.2d at 832 n.1.

Thus, the bankruptcy court had jurisdiction over the § 362(k)(1) proceeding unless, as M & M argues, the matter was mooted by dismissal of the bankruptcy case.

M & M correctly points to several decisions holding that when the underlying bankruptcy case is dismissed, a noncore, related proceeding ordinarily should also be dismissed (although leaving the matter to the bankruptcy court's sound discretion). *See, e.g., Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162–63 (2d Cir. 1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir. 1989). But these decisions do not address what happens to core proceedings, such as the Johnsons' claim. *See Honigman, Miller, Schwartz and Cohn, L.L.P. v. Adell (In re John Richards Homes Bldg. Co.)*, 405 B.R. 192, 210 (E.D. Mich. 2009) (stating "there is much support for the proposition that

bankruptcy courts retain jurisdiction over core proceedings beyond the dismissal or closure of the underlying bankruptcy case," and collecting cases).

It is particularly appropriate for bankruptcy courts to maintain jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case. They still serve (a) to compensate for losses that are not extinguished by the termination of the bankruptcy case and (b) to vindicate the authority of the statutory stay. *Cf. In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289–90 (7th Cir. 1995) (after dismissal of bankruptcy case, bankruptcy court still had jurisdiction to resolve dispute between two creditors because dispute was not "entirely dependent on the existence of the bankruptcy," unlike cases in which "the dismissal of the [underlying] case brought about a full resolution of all disputes between the parties, mooting the controversy"). Requiring the dismissal of a § 362(k)(1) proceeding simply because the underlying bankruptcy case has been dismissed would not make sense. A court must have the power to compensate victims of violations of the automatic stay and punish the violators, even after the conclusion of the underlying bankruptcy case. *See Davis v. Courington (In re Davis)*, 177 B.R. 907, 911–12 (B.A.P. 9th Cir. 1995). "[I]t is clear that dismissal of a case does not validate actions which constituted violations of the automatic stay during the pendency of that case." *D'Alfonso v. A.R.E.I. Inv. Corp. (In re D'Alfonso)*, 211 B.R. 508, 513 (Bankr. E.D. Pa. 1997). In analogous circumstances, other sanctions proceedings can

-8-

continue despite the termination of the underlying case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98 (1990) (voluntary dismissal of a lawsuit does not deprive the district court of jurisdiction over a motion for sanctions under Federal Rule of Civil Procedure 11); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1220–21, 1223–24 (10th Cir. 2006) (affirming in part a 28 U.S.C. § 1927 sanctions award that was ordered well after the underlying case was dismissed with prejudice at the plaintiff's request); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1552–57 (10th Cir. 1996) (analogizing sanctions under Federal Rules of Civil Procedure 16 and 37 to Rule 11 sanctions and concluding that the district court had jurisdiction to enforce the award even after the dismissal of the underlying case).

Nothing in the Bankruptcy Code mandates dismissal of the § 362(k)(1) proceeding when the bankruptcy case is closed. "[T]here is no explicit requirement that a 'case' be open under [28 U.S.C.] § 1334(a) for a court to act in a 'civil proceeding' under § 1334(b)." *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 904 (B.A.P. 9th Cir. 1999). No part of § 362(k)(1) suggests that a claim exists only while the bankruptcy case remains pending. *See Price*, 947 F.2d at 831–32. And when Congress listed the effects of dismissing a bankruptcy case, it included nothing about automatically terminating the court's jurisdiction over all adversary proceedings or mooting questions regarding § 362(k)(1) sanctions. *See* 11 U.S.C. § 349; *see also Burgner v. Ga. Fed. Credit Union (In re Burgner)*,

218 B.R. 413, 414 (Bankr. E.D. Tenn. 1998) (noting that several paragraphs of § 349(b) "deal[] indirectly with some adversary proceedings by attempting to undo what has already been done," but that "[n]one of these provisions is relevant to Debtor's complaint for violation of the automatic stay"); *In re Davis*, 177 B.R. at 911 ("Section 349(b) does not . . . retroactively vacate the automatic stay, vacate orders remedying violation of the stay, or vitiate any cause of action based upon violation of the stay").

The great weight of case authority supports our conclusion that a § 362(k)(1) proceeding remains viable after termination of the underlying bankruptcy case. *See, e.g., Price*, 947 F.2d at 831–32; *Javens v. City of Hazel Park (In re Javens),* 107 F.3d 359, 364 n.2 (6th Cir. 1997) ("An action under § 362[(k)(1)] for damages for willful violation of an automatic stay survives dismissal of the case in bankruptcy."); *Jones v. Boston Gas Co. d/b/a Keyspan Energy Delivery New England (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) (collecting cases); *In re D'Alfonso*, 211 B.R. at 513; *In re Davis*, 177 B.R. at 911–12; *Skaggs v. Fifth Third Bank of N. Ky. (In re Skaggs)*, 183 B.R. 129, 131 (Bankr. E.D. Ky. 1995). *But see Brown v. GMAC Mortgage Corp. (In re Brown)*, 300 B.R. 871, 876–77 (D. Md. 2003).

Finally, contrary to M & M's assertions, we see no basis for requiring a bankruptcy court to state explicitly that it is retaining jurisdiction over a § 362(k)(1) adversary proceeding when it dismisses an underlying Chapter 13

case, or for requiring the Johnsons to move to reopen the Chapter 13 case to pursue the § 362(k)(1) adversary proceeding. M & M has cited no authority supporting such requirements.

**B.** **Failure to Hold Evidentiary Hearing**.

In the alternative, M & M contests the bankruptcy court's procedure for determining the amount of sanctions. We review the award for abuse of discretion. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (attorney-fee sanction under court's inherent power is reviewed for abuse of discretion); *Cooter & Gell*, 496 U.S. at 405 (same for attorney-fee sanction under Rule 11); *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) (same for attorney-fee sanction under Rule 11 and § 1927); *Udall v. FDIC (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1415 (10th Cir. 1996) (same for attorney-fee sanction for bad-faith filing of a Chapter 11 petition); *Olcott*, 76 F.3d at 1557 (same for sanctions under Rules 16(f) and 37(b)(2)).

M & M objects that the bankruptcy court made its award after a nonevidentiary hearing, based solely on counsel's verification. But M & M did not preserve any objection to this procedure. The court's notice of setting stated that it would be conducting a nonevidentiary hearing. *See* Aplt. App. at 118. M & M did not object and never requested an evidentiary hearing. Further, at the hearing M & M's counsel explicitly declined to object to the verification filed by the Johnsons' counsel. *See id.* at 146 ("I have not seen that affidavit, but I

-11-

generally know what those affidavits say and presuming that [the Johnsons'
counsel] did, in fact, put an affidavit together, I won't object to that."). Although
M & M now questions the lack of live testimony, the lack of an opportunity to
call or cross-examine the Johnsons' counsel or any other potential witness, and
the lack of opportunity to submit any evidence contradicting the Johnsons'
submissions, it raised none of these issues before the bankruptcy court. M & M's
complaints come too late.

M & M suggests that the BAP's first decision required the bankruptcy court
to hold an evidentiary hearing. This is a misreading of the BAP's opinion. In the
first appeal the BAP vacated the initial fee award for lack of adequate foundation
and remanded for further proceedings, but never specified that those proceedings
must include an evidentiary hearing. *See Johnson*, 2005 WL 2300370, at *10-
*11. Once counsel's written verification had redressed the problem that the BAP
identified, no evidentiary hearing was required—especially when the parties did
not seek one.

We conclude that the bankruptcy court's award of fees was not an abuse of
its discretion.

### III.

The BAP's judgment is AFFIRMED.