FILED
United States Court of Appeals
Tenth Circuit

**October 9, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: SHIRLEY LEVINGSTON
THOMAS, a/k/a Shirley Ann Thomas,
a/k/a Shirley L. Thomas,

        Debtor.

_____

HARMON FAMILY TRUST,

        Plaintiff‑Appellee,

v.

SHIRLEY LEVINGSTON THOMAS,

        Defendant‑Appellant,
and

JOHN D. WAGNER,

        Defendant.

No. 09-6015
(No. WO-08-036)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shirley Levingston Thomas, proceeding pro se,[1] appeals from the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's most recent award of sanctions against her. Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we affirm.

This appeal has a lengthy procedural history, which we set forth briefly here. On July 24, 2006, the Harmon Family Trust filed an action in Oklahoma state court against John D. Wagner. On September 29, the state court entered judgment for the Trust and, as is relevant here, ordered the return of real estate to the Trust. Ms. Thomas was not a party to this proceeding. Nonetheless, on January 22, 2007, she filed an answer and counterclaim in this state-court case. On June 25, the state court decided that her filing was an unauthorized attempt by a non-party to become involved in a case that was final.

Meanwhile, on February 21, 2007, Ms. Thomas filed a Chapter 13 bankruptcy petition, her sixth in as many years. The bankruptcy court dismissed the case on April 26.[2]

---

[1] We liberally construe pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] On July 11, 2007, the bankruptcy court denied Ms. Thomas's motion to alter or amend the order dismissing her bankruptcy case.

Despite the dismissal, on May 24, 2007, Ms. Thomas filed an adversary proceeding and a notice of removal of the closed state-court action.[3] The Trust objected and requested sanctions. Ms. Thomas failed to appear for the scheduled June 27 hearing on the notice of removal. In an order filed June 29, the bankruptcy court remanded the action to state court. In doing so, the bankruptcy court listed four reasons why remand was proper: (1) Ms. Thomas was not a party to the state-court case as is required by 28 U.S.C. § 1452; (2) the state-court case was already final; (3) the removal action was deemed dismissed on April 26, the date of the dismissal of her bankruptcy petition; and (4) res judicata and estoppel principles and/or principles stated in remand orders in prior bankruptcy actions involving Ms. Thomas and an unrelated debtor barred removal. The bankruptcy court, however, declined to impose sanctions.

On July 9, 2007, Ms. Thomas filed a motion to reconsider, requesting no hearing be held. On July 13, the Trust objected to the motion and asked the court to impose attorney's fees of $2,500. That same day, the bankruptcy court set a hearing date for July 31. Ms. Thomas failed to appear for the hearing. The bankruptcy court denied her motion to reconsider and approved the Trust's request for attorney's fees of $2,500.

---

[3]     Ms. Thomas had attempted to remove this state case previously by filing an adversary proceeding in a prior bankruptcy case, but the bankruptcy court remanded the action to state court on January 9, 2007, since the bankruptcy case had already been dismissed.

On August 9, 2007, Ms. Thomas filed a motion to alter or amend the July 31 order. On August 21, the Trust objected, seeking attorney's fees of $1,500. That day, the bankruptcy court set a hearing for September 11. On August 31, Ms. Thomas filed a motion to continue the hearing, arguing that the bankruptcy court lacked jurisdiction to hold a hearing because the adversary proceeding had been dismissed and remanded. On September 5, the court denied Ms. Thomas's motion for a continuance.

On September 6, 2007, Ms. Thomas moved for (1) an en banc ruling that she was entitled to due process before the bankruptcy court imposed the $2,500 award of attorney's fees; (2) an en banc ruling denying the Trust's pending request for $1,500 in attorney's fees; (3) dismissal of the garnishment affidavit filed by the Trust on August 22 seeking garnishment of wages from her employer to be applied against the judgment for attorney's fees; and (4) an exemption from garnishment based on undue financial hardship and a hearing. On September 10, Ms. Thomas filed a motion for an en banc ruling striking the hearing set for September 11. The same day, the en banc court ordered that the hearing be held on September 11, as scheduled.

After holding the September 11, 2007, hearing, at which Ms. Thomas failed to appear, the bankruptcy court denied her motion to alter or amend the order awarding attorney's fees of $2,500 and granted the Trust's request for attorney's fees in the amount of $1,500.

On September 13, 2007, the Trust objected to Ms. Thomas's September 6 motion for exemption and requested sanctions of $1,000. Also on September 13, the Trust objected to Ms. Thomas's motion to dismiss the continuing garnishment, arguing that the bankruptcy court did have jurisdiction to award attorney's fees of $2,500. In this objection, the Trust sought $1,000 in attorney's fees to cover its costs of defense.

Ms. Thomas failed to appear for the scheduled September 17 hearing on her request for an exemption. On September 18, the bankruptcy court entered an order denying an exemption, noting her lack of dependents and failure to establish undue financial hardship. Also, the court ordered continuing garnishment and awarded the Trust $750 due to the frivolousness of her exemption claim.

On September 24, 2007, Ms. Thomas filed a request for an en banc hearing and a motion to vacate, alter, or amend the order on the claim of exemption and the $750 award. She asserted that the bankruptcy court lacked jurisdiction, since the remand order divested that court of jurisdiction over the removed proceeding. Also, on September 24, she filed a motion seeking an order of the en banc court to vacate the $1,500 award of attorney's fees, again asserting the bankruptcy court lacked jurisdiction to make the award. In orders entered October 11, the en banc court denied the requests for en banc consideration and her September 6 motion to vacate the $2,500 award. Also on October 11, the bankruptcy court denied her motion to dismiss the continuing garnishment for lack of jurisdiction.

The court determined that it did have jurisdiction due to Ms. Thomas's continued filings and that it was incongruous for her to file a motion asking for relief while simultaneously arguing that the court lacked jurisdiction. The court awarded the Trust $500 in attorney's fees, recognizing that Ms. Thomas had repeatedly filed frivolous bankruptcies, adversary proceedings, and pleadings, and she had repeatedly failed to appear in prosecution of her frivolous filings.

On November 21, 2007, the Trust filed another garnishment affidavit to enforce the bankruptcy court's sanction orders. On December 18, Ms. Thomas filed an answer, a counterclaim, and a cross-claim. The Trust objected and moved to strike the answer on January 3, 2008. Also, the Trust requested attorney's fees as a sanction. That day, by minute order, the bankruptcy court struck the answer. On January 24, the bankruptcy court set a hearing for February 12. Ms. Thomas did not appear at the hearing, and the bankruptcy court entered an order on February 15 sustaining the Trust's objection and granting its motion to strike. Also, the court granted attorney's fees in an amount to be decided at a future hearing. This order was entered on the bankruptcy court docket on both February 15 and 25.

On February 19, 2008, the Trust filed a motion for attorney's fees and reimbursement of expenses. On March 10, Ms. Thomas filed her objections, but she did not attend the scheduled hearing on March 25. On March 26, the

bankruptcy court entered an order granting the Trust's motion and awarded attorney's fees of $2,865 and costs of $170.39.

On April 3, Ms. Thomas filed a notice of appeal, appealing the March 25 and February 15 and 25 orders and the January 3 minute order. The BAP granted her leave to appeal. Ms. Thomas raised only one issue on appeal to the BAP: whether the bankruptcy court lacked subject matter jurisdiction to award attorney's fees as a sanction after remanding the underlying adversary proceeding to the state court. The BAP held that the bankruptcy court had jurisdiction to award attorney's fees as a sanction for a frivolous action. The BAP concluded that the bankruptcy court had inherent, discretionary authority under 11 U.S.C. § 105(a) to impose sanctions for Ms. Thomas's pattern of bad faith and abusive conduct in the adversary proceeding. Ms. Thomas moved for rehearing, and the BAP granted the motion in part to correct minor errors in the BAP decision and denied it with respect to the court's holding. This appeal followed.

Although Ms. Thomas made only one argument before the BAP, she now makes several arguments: (1) the bankruptcy court lacked jurisdiction to grant sanctions since the court had remanded the removed state-court action; (2) the bankruptcy court's remand order in her prior bankruptcy case was not a final order and therefore the attempted removal in this case could not have been effectuated; (3) the remand orders were drafted by the Trust's counsel and therefore must be reviewed with special scrutiny; (4) the bankruptcy court's

application of Bankr. W.D. Okla. R. 7041(d) deprived her of due process because the rule permits dismissal of adversary proceedings without notice to the parties after dismissal of the bankruptcy case; (5) even if the bankruptcy court retained jurisdiction post-remand to award sanctions against her, she did not receive due process; (6) the bankruptcy court should have initiated sua sponte sanction proceedings against the Trust's counsel; and (7) the state and bankruptcy court proceedings concerning the real estate were void due to the automatic stay created by the filing of a Chapter 7 bankruptcy case by a holder of an alleged interest in the real estate, and therefore Ms. Thomas is entitled to emotional injury damages.

We first consider the argument Ms. Thomas raised in her BAP appeal. She argues that the bankruptcy court lacked jurisdiction to impose sanctions because the removed case had been remanded to the state court and the adversary proceeding had been dismissed. Jurisdiction is a threshold prerequisite to a court's taking judicial action. *See Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1195 (10th Cir. 2005). Because Ms. Thomas's jurisdictional argument presents a legal question, we review the bankruptcy court's decision de novo. *See Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1082 (10th Cir. 2009) (recognizing that although appeal is from BAP decision, court of appeals reviews bankruptcy court's decision, including jurisdictional decision, de novo). Applying this standard and after review of the briefs on appeal, the appellate record, and the relevant law, we conclude, for substantially the same reasons stated in the BAP

decision, that the bankruptcy court had jurisdiction to impose sanctions. *See also Barsness v. Wilshire Credit Corp. (In re Barsness)*, 398 B.R. 655, 660 n.6 (Bankr. D. Minn. 2008) (stating in dicta that bankruptcy court has jurisdiction to consider motion for sanctions under its inherent authority even though adversary proceeding has been dismissed, and citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), which concluded that district court may impose Fed. R. Civ. P. 11 sanction on plaintiff after plaintiff voluntarily dismisses lawsuit).

Ms. Thomas's other arguments, listed on pages 7 and 8 of this Order and Judgment, are raised for the first time in this appeal. We generally do not consider an issue which was not previously raised by the appellant, and decided by the court from which the appeal is taken. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). And we will not deviate from our practice in this case.

Additionally, Ms. Thomas asserts at the conclusion of her opening brief, on pages 43 through 45, several other issues and requests certain actions she desires this court to take. We will not consider the issues for two reasons. First, they are raised for the first time in this appeal. And, second, they are merely listed without supporting argument and therefore are deemed waived. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007). Furthermore, Ms. Thomas's requests for action are unwarranted and therefore are denied.

The Trust has moved for sanctions, including attorney's fees and expenses of $8,521.91 and a lump-sum penalty.[4]  The Trust argues that this appeal is frivolous because Ms. Thomas did not address the bankruptcy court's inherent authority to award sanctions against her, filed this appeal in bad faith, failed to cite relevant legal authority, cited immaterial authority, and failed to discuss the legal conclusions she asserted.  Additionally, the Trust points out Ms. Thomas's history of filing frivolous pleadings and her pattern of acting in bad faith, including her failure to attend bankruptcy court hearings.

We may award damages, including attorney's fees, and single or double costs if an appeal "'is frivolous' or brought for purposes of delay." *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) (quoting Fed. R. App. P. 38); *see Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc).  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley*, 832 F.2d at 1510 (quotation marks omitted).  Ms. Thomas's pro se status is not a bar to our imposition of sanctions.  *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

We, however, may not award sanctions if Ms. Thomas has not had notice and an opportunity to respond.  *See Ford*, 552 F.3d at 1180; *see also* Fed. R. App.

---

[4]     The Trust bases its request for sanctions on our inherent power to impose sanctions and on Bankr. R. 8020.  Rule 8020, however, applies to appeals before district courts and BAPs.  But because the language of Rule 8020 conforms to the language of Fed. R. App. P. 38, we assume that the Trust seeks sanctions under Rule 38.

P. 38 (requiring separately filed motion for sanctions or notice from court and opportunity to respond). Ms. Thomas received the appropriate notice because the Trust filed a motion for sanctions on May 8, 2009. But despite receiving notice, she has not responded to the motion.

We conclude that this appeal is legally frivolous. Accordingly, we exercise our discretion to grant the Trust an award of sanctions. *See Burlington N. R.R. v. Woods*, 480 U.S. 1, 7 (1987) (recognizing that Rule 38 gives appellate court discretion to penalize appellant for filing frivolous appeal and compensate appellee for delay and expense of appeal). We award attorney's fees to the Trust in the amount requested, $8,521.91.

The BAP's judgment is AFFIRMED. Ms. Thomas's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (requiring movant to "show financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts"). Ms. Thomas must

pay the full filing fee immediately.  The Trust's motion for attorney's fees of

$8,521.91 is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge
